**UNITED STATES of America,**
**Plaintiff/Appellee,**

**v.**

**John ATTARDI and Dennis Swift,**
**Defendants/Appellants.**

**Nos. 85–1150, 85–1166.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1986.

Decided July 31, 1986.

Daniel Bent, U.S. Atty., Elliot Enoki, Asst. U.S. Atty., Honolulu, Hawaii, Samuel Rosenthal, Chief, Appellate Section, Dept. of Justice, Washington, D.C., for plaintiff/appellee.

Cristina C. Arguedas, Ted W. Cassman, Cooper & Arguedas, Berkeley, Cal., William Martin Hassler, Riordan & Rosenthal, San Francisco, Cal., for defendants/appellants.

Before PREGERSON, POOLE, and JOHN T. NOONAN, Jr., Circuit Judges

NOONAN, Circuit Judge

John Attardi and Dennis Swift appeal from their convictions of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and conspiracy to commit an offense under the Drug Abuse prevention laws in violation of 21 U.S.C. § 846. We consolidate their appeals, which arise from the same events, and we affirm their convictions.

*Events.* On February 10, 1984 Attardi, Swift and Michael Renta were stopped at Maui Airport as they stepped off a plane from San Francisco by Richard C. Kempshall of the Drug Enforcement Agency. The men were led to a small office and their luggage collected. A sniff of their bags by the dog Donker led Kempshall to the reasonable belief that their luggage contained prohibited drugs. A warrant was procured, and a search then led to the discovery of 459 grams of cocaine in Swift's silver-colored suitcase; 1½ tablets of methaqualone in Attardi's carry-on bag; and, in an envelope in the same bag, papers reflecting drug transactions and bearing on two pages the initials DS.

Attardi, Swift and Renta moved to suppress the airport evidence. A magistrate found it admissible, and the district court affirmed. All three were then found guilty by a jury.

*Issues.* Attardi and Swift attack the admission of the airport evidence as violative of the Fourth Amendment. Swift attacks the admission against him of Attardi's papers as prohibited by the hearsay rule, and Attardi attacks their admission as unduly prejudicial. Attardi and Swift also attack a jury instruction relating to Renta's sale of cocaine in California. Attardi presses an objection to the admission of certain of his statements made while detained at the Maui Airport. He also launches a general attack on the sufficiency of the evidence against him.

■ *Analysis.* The district court's findings of fact at a suppression hearing are upheld unless clearly erroneous; the ultimate issue of the lawfulness of the search presents a mixed question of law and fact which is reviewed *de novo.* *United States v. Feldman,* 788 F.2d 544, 550 (9th Cir. 1986). Resolving a conflict of testimony, the trial court made the critical finding of fact that the time elapsed between the moment Special Agent Kempshall stopped the three men and Donker's sniff was eleven to fifteen minutes. During this period Kempshall held their airplane tickets and driver's licenses. The detention was a seizure of the three defendants. *Terry v. Ohio,* 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968). As a seizure, its reasonableness must be assessed in the light of the Fourth Amendment.

■ Agent Kempshall had ample reason to detain the three as they stepped off the plane. The government knew that Renta had told an undercover agent that he was going to travel to Maui with cocaine, that Renta was a dealer in cocaine and that he had sold a small quantity of cocaine in California. The government knew that Renta had spent the morning with Swift before leaving for Maui and that the two had met a third man at the San Francisco airport. The government knew that Swift had bought the tickets for all three; that he had paid in cash; and that while he bought coach tickets for himself, he had bought a first class ticket for "J. Attardi." Sufficient evidence existed for Agent Kempshall to infer that the three were acting together, that they were on business, and that criminal activity was afoot. *Terry v. Ohio,* 392 U.S. 1, 23, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889. We do not decide, because we are not asked to decide, whether there was also probable cause for an arrest. The defendants were detained no longer than was necessary to effect the dog sniff. The detention was not an arrest, and the sniff was not a search. *United States v. Place,* 462 U.S. 696, 706–07, 103 S.Ct. 2637, 2644–45, 77 L.Ed.2d 110 (1983).

■ The search warrant covered only drugs, but it was reasonable for the agents to examine Attardi's envelope because as Agent Kempshall testified, cocaine is often

transported between sheets of paper. This examination led to the discovery of Attardi's notes, which were in plain view. Their meaning was at once apparent to an experienced agent. The notes were not seized in violation of the Fourth Amendment. *United States v. Issacs*, 708 F.2d 1365, 1370 (9th Cir.1983), *cert. denied*, 464 U.S. 852, 104 S.Ct. 165, 78 L.Ed.2d 150 (1983). The notes were admissible against Attardi to show that Attardi was knowledgeable about drug trafficking.

██ As to Swift, the notes were hearsay and inadmissible as no exception to the hearsay rule was completely established. The government did not satisfy Rule 801(d)(2)(E), Fed.R.Evid. by establishing that the sales were made in the course of the conspiracy. *See United States v. Mouzin*, 785 F.2d 682, 692 (9th Cir.1986). The error, however, was harmless. Swift was the man with the bag with the cocaine. On the possession charge, Attardi's notes could not sink him deeper than he already was. As to his conviction of conspiracy, abundant other evidence established Swift's connection with Renta and Attardi; the notes were surplusage that added no more than his initials; the conspiracy case was made without them. *See United States v. O'Connor*, 737 F.2d 814, 821 (9th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1198, 84 L.Ed.2d 343 (1985).

██ Attardi's attack on the sufficiency of the evidence against him fails. The government showed that on the morning of February 10, 1984, just before departing for Maui, Renta and Swift drove to Attardi's home in Twin Peaks, San Francisco; that a car identified as Attardi's then arrived and a man entered the home; that Renta and Swift then departed for the San Francisco airport; that at the airport Swift paid a substantial amount of cash for Attardi's ticket but sat apart from him; that the three were associated together at the Maui airport; that the silver-colored case, although claimed by Swift, actually belonged to Attardi, containing as it did not only cocaine but $15,800 in cash, more appropriate to a first class traveler than a factotum, and razors and shaving cream not likely to be used by the hirsute Swift but clearly needed by the smooth-faced Attardi; that Swift's assertion of ownership after Donker had alerted to the cocaine within was the subservient gesture of a pawn sacrificing himself for his master; and that Renta, the small drug dealer, and Swift, the compliant carrier of cocaine, were associated with Attardi in taking the 459 ounces in the silver case to Maui for delivery; that Attardi's home as well as his bag contained papers referring to drug transactions and that the home had gram weights customarily used by drug dealers; that at the airport in Maui Attardi denied more than mere acquaintance with a man, Ivan DeSilva, who approached Attardi and then ducked away when he saw the agents—a man who in fact shared Attardi's San Francisco home and who it could be inferred had come to meet Attardi but had reason to fear the agents. A rational trier of fact could conclude beyond a reasonable doubt that Attardi was engaged in a conspiracy to distribute cocaine and that he aided and abetted and directed Swift in his possession of cocaine with intent to distribute. *United States v. Collins*, 764 F.2d 647, 651–52 (9th Cir.1985).

██ Attardi's disclaimer of knowledge of DeSilva, made while he was detained by Agent Kempshall, was properly admissible. He had already been given the required *Miranda* warnings shortly before this episode. There was no abuse of discretion in the district court's instruction on Renta's sale of cocaine in California. The jury was explicitly told that this sale was not evidence of the guilt of any of the three defendants.

AFFIRMED.